# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHY HOEFLER** | : | **CIVIL ACTION** |
| **MICHAEL HOEFLER, w/h** | : | |
| **84 Dudley Avenue** | : | |
| **Harvey's Lake, PA 18618** | : | |
| | : | |
| vs. | : | **NO.** |
| | : | |
| **SAMSONITE CORPORATION** | : | |
| **11200 E. 45th Avenue** | : | |
| **Denver, CO 80239** | : | |
| And | : | |
| **MECO CORPORATION** | : | |
| **1500 Industrial Boulevard** | : | |
| **Greenville, TN 37745** | : | |
| And | : | |
| **JOHN DOES 1-10, FICTITIOUS** | : | |
| (Defendants) | : | |

## NOTICE OF REMOVAL

Defendant, Meco Corporation ("Meco"), by its attorneys, Brehm Nofer & McCarter, P.C., files this Notice of Removal pursuant to 28 U.S.C. § 1332 and § 1446 to remove this action from the Court of Common Pleas of Luzerne County, Pennsylvania, in which it is now pending at Docket No. 202009265 (the "Underlying Action"), to the United States District Court for the Middle District of Pennsylvania. In support thereof, Meco states as follows:

### NATURE OF ACTION AND PROCEDURAL HISTORY

1. On or about October 9, 2020, Plaintiffs, Kathy Hoefler and Michael Hoefler, wife and husband ("Plaintiffs"), filed a Civil Action Complaint in the Court of Common Pleas of Luzerne County, Pennsylvania, alleging that Plaintiff/wife sustained personal injuries when a step stool that she was utilizing allegedly tipped over. *A true and correct copy of the Plaintiffs' Complaint is attached hereto as Exhibit "A".*

2. Plaintiffs' Complaint was served on Defendant, Meco Corporation, on November 6, 2020. *Plaintiff's Affidavit of Service which was filed with the Prothonotary of Philadelphia County is attached hereto as Exhibit "B".*

3. As of this filing, Plaintiffs have not effectuated service on Defendant, Samsonite Corporation.

4. A copy of the Luzerne County Court of Common Pleas docket entries for this matter is attached as *Exhibit "C"*.

## TIMELINESS OF REMOVAL

5. This Notice of Removal is timely filed in compliance with 28 U.S.C. §1446(b) as it is within thirty (30) days of November 6, 2020, the date the Complaint was served on Defendant, Meco Corporation.

## DIVERSITY OF CITIZENSHIP

6. A natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy,* 540 F.3d 179, 181 (3d Cir. 2008) (*citing, Gilbert v. David*, 235 U.S. 561, 569 (1915).

7. A corporation shall be deemed to be a citizen of the state in which it is incorporated and the state of its principal place of business. *See,* 28 U.S.C. § 1332(c)(1).

8. The law in the Third Circuit is that the citizenship of an LLC is determined by the citizenship of all of its members. Where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be" to determine the citizenship of the LLC. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, (3d Cir. 2010); *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003).

9. In their Complaint, Plaintiffs state that they are husband and wife and are citizens of the Commonwealth of Pennsylvania, residing at 84 Dudley Avenue, Harveys Lake, Pennsylvania 18618. *See Plaintiffs' Complaint, Caption and ¶ 1 (Exhibit "A").*

10. Defendant, Samsonite LLC, (improperly identified in the Complaint as the former Samsonite Corporation), is a Delaware corporation, which has a principal place of business located at 575 West Street, Suite 110, Mansfield, Massachusetts 02048. *See, Plaintiffs' Complaint, ¶ 2 (Exhibit "A"); see, also, Statement of Incorporation, (Exhibit D"); Affidavit of Michelle R. Gerdoney, General Counsel, the Americas, Samsonite LLC, (Exhibit "E").*

11. The sole member of Samsonite LLC is Samsonite US Holdco, LLC, which is also a Delaware LLC, having its principal place of business in the Commonwealth of Massachusetts. *See, Affidavit of Michelle R. Gerdoney, General Counsel, the Americas, Samsonite LLC, (Exhibit "E").*

12. The sole member of Samsonite US Holdco, LLC is Delilah US Investments S.àr.l., a Luxembourg company, which also has its principal place of business in Luxembourg. *See, Affidavit of Michelle R. Gerdoney, General Counsel, the Americas, Samsonite LLC, (Exhibit "E").*

13. Defendant, Meco Corporation is a Tennessee corporation which has a principal place of business located at 1500 Industrial Blvd, Greenville, Tennessee 37745. *See, Plaintiffs' Complaint, ¶ 3 (Exhibit "A"); see, also, Statement of Incorporation, (Exhibit "F").*

14. The citizenry of the unidentified "John Doe" Defendants joined as fictious parties are not considered for diversity purposes. *See, 28 U.S.C § 1441 (b)(1).*

15. All of the Plaintiffs are citizens of Pennsylvania, whereas none of the Defendants is a citizen of Pennsylvania for diversity purposes.

16. Pursuant to 28 U.S.C. § 1332, complete diversity exists amongst all Plaintiffs and all Defendants in this action.

**AMOUNT IN CONTROVERSY**

17. Upon information and belief, the value of the alleged damages exceeds the jurisdictional amount of $75,000.00 for diversity jurisdiction.

18. A notice of removal may assert the amount in controversy if the initial pleading seeks a money judgment, but the state permits recovery of damages in excess of the amount demanded. 28 US.C. § 1446(c)(2). Pennsylvania law does not require a specific amount to be set forth in the complaint.

19. "The amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Johnson v. Costco Wholesale*, No. 99-3576, 199 WL 740690 at *3 (E.D. Pa. 1999) (*citing, Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993); *see, also, Marie v. Sears Auto Repair Ctr.,* 2011 U.S. Dist. LEXIS 5476, 2011 WL 198465 (E.D. Pa. 2011) (Court refused to remand where Plaintiff demanded an amount "in excess of $50,000").

20. Plaintiffs allege damages from serious and permanent personal injuries that are for an amount in excess of Fifty Thousand Dollars ($50,000.00). *See, Plaintiffs' Complaint, Ad Damnum Clauses* (Arbitration limit of Luzerne County Court of Common Pleas is $50,000.00) *See,* 42 *Pa.C.S. § 7361* (b)(2)).

21. Plaintiffs specifically aver that on or about August 2, 2020, Mrs. Hoefler was injured while using step stool which she claims was somehow defective and caused her to fall. *See, Plaintiffs' Complaint, ¶ 9 (Exhibit "A").*

22. Plaintiffs further alleged that Mrs. Hoefler has suffered serious and permanent personal injuries including, inter alia, a bimalleolar fracture requiring surgical repair. *See, Plaintiffs' Complaint, ¶¶ 31-37 (Exhibit "A").*

23. Plaintiffs have further alleged injuries and damages for past and future medical expenses, past and future lost earning capacity and/or earnings, past and future pain and suffering, past and future embarrassment and humiliation, disfigurement and scarring, and past and future loss of enjoyment of life. *See, Plaintiffs' Complaint, ¶¶ 31-37 (Exhibit "A").*

24. Mr. Hoefler seeks damages in his own right for alleged loss of consortium. *See, Plaintiffs' Complaint, Count X (Exhibit "A").*

25. Plaintiffs have alleged open-ended claims for serious injuries and other past, present and future damages. Plaintiffs have made no specific demand other than an amount exceeding arbitration limits. Based on a reasonable reading of the complaint, however, the alleged damages, if proven, exceed $75,000.00.

**REQUEST FOR REMOVAL**

26. There is a complete diversity of citizenship and the amount in controversy is believed to exceed the jurisdictional requirement of seventy-five thousand dollars ($75,000.00); therefore, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

27. The Luzerne County Court of Common Pleas is located within the Middle District of Pennsylvania. Removal is proper to this Court pursuant to 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

28. Copies of all process and pleadings which have been served in this civil action are attached hereto at *Exhibits "A" and "B."* In so averring, Meco neither concedes the sufficiency of

service of process nor otherwise waives any defenses, whether related to service of process or otherwise, and reserves all rights in that regard.

29. Meco, by its undersigned counsel, consents to the removal of this action from the Court of Common Pleas for Luzerne County to the United States District Court for the Middle District of Pennsylvania.

30. Samsonite LLC, (improperly identified in the Complaint as the former Samsonite Corporation), also consents to the removal of this action from the Court of Common Pleas of Luzerne County to the United States District Court for the Middle District of Pennsylvania. *See, Consent to Removal attached hereto as Exhibit "G".*

31. Consent of the unidentified "John Doe" Defendants joined as fictious parties is not required for removal purposes. *See,* 28 U.S.C § 1441 *(b)(1).*

32. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being simultaneously filed with the Court of Common Pleas of Luzerne County and is being served on all adverse parties. *See, Notice of Filing of Removal attached as Exhibit "H."*

**WHEREFORE**, Defendant, Meco Corporation, respectfully requests that this civil action be removed from the Court of Common Pleas of Luzerne County to the United States District Court for the Middle District of Pennsylvania.

        **BREHM NOFER & McCARTER, P.C.**

        By:  *Frank S. Nofer*
             Frank S. Nofer, Esquire
             Attorney for Defendant,
             Meco Corporation

             Attorney I.D. No. 69008
             161 Washington Street, Suite 1450
             Conshohocken, PA 19428
             Phone: 610-234-5252

Dated: November 24, 2020             fnofer@bnm.law