IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATHY HOEFLER** : | **CIVIL ACTION** |
| **MICHAEL HOEFLER, w/h** : | |
| **84 Dudley Avenue** : | |
| **Harvey's Lake, PA  18618** : | |
| : | |
| vs. : | NO. 3:20-cv-02202-MEM |
| : | |
| **SAMSONITE CORPORATION** : | |
| **11200 E. 45th Avenue** : | |
| **Denver, CO  80239** : | |
|         And : | |
| **MECO CORPORATION** : | |
| **1500 Industrial Boulevard** : | |
| **Greenville, TN  37745** : | |
|         And : | |
| **JOHN DOES 1-10, FICTITIOUS** : | |
| **(Defendants)** : | |

**ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANT,
MECO CORPORATION TO PLAINTIFFS' COMPLAINT**

Defendant, Meco Corporation ("Meco"), by its attorneys, Brehm Nofer & McCarter, P.C., hereby answers the complaint of Plaintiffs, Kathy and Michael Hoefler ("Plaintiffs") and asserts the following affirmative defenses:

1.      Denied.  After reasonable investigation, Meco has no knowledge with respect to the truth of the allegations advanced in this paragraph.

2.      Denied as stated.  Upon information and belief, the proper corporate name is Defendant, Samsonite LLC, but has been improperly identified in the Complaint as the former Samsonite Corporation).  Samsonite LLC is believed to be a Delaware limited liability corporation, which has a principal place of business located at 575 West Street, Suite 110, Mansfield, Massachusetts 02048.

3.      Admitted.

4. The allegations of this paragraph relate to unknown and unidentified fictious parties and require no response from Meco.

5. Denied.  This action has been properly removed to the United States District Court for the Middle District of Pennsylvania where jurisdiction and venue are proper based upon the allegations set forth in Plaintiffs' complaint.

6. Denied.  Plaintiffs have failed to identify the alleged servants, assistants, agents, and/or employees allegedly acting within the course and scope of their employment with Meco or any other party, which prevents Meco from knowledgeably answering this paragraph and, therefore, all allegations are denied.  By way of further answer, the allegations of this paragraph are denied as conclusions of law.

7. Admitted in part; denied in part.  Meco admits only that at certain times it was involved in designing, manufacturing, and selling certain step stools and that it provided certain written information regarding same. Based upon the limited information set forth in Plaintiffs' complaint, Meco is unable to verify whether it designed, manufactured, and/or sold any product allegedly involved in an alleged accident involving Plaintiff.  Meco has requested that the product allegedly involved be produced for inspection.   All remaining allegations are denied.

8. Denied.  Based upon the limited information set forth in Plaintiffs' complaint, Meco is unable to verify whether it designed, manufactured, and/or sold any product allegedly involved in an alleged accident involving Plaintiff.  Meco has requested that the product allegedly involved be produced for inspection.   All remaining allegations are denied.

9. Denied. After reasonable investigation, Meco is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph with respect to Plaintiff's alleged use of the product in question and/or her version of how an alleged accident

occurred.  Accordingly, all such allegations are denied.  By way of further answer, based upon the limited information set forth in Plaintiffs' complaint, Meco is unable to verify whether it designed, manufactured, and/or sold any product allegedly involved in an alleged accident involving Plaintiff.  By way of further response, Meco has no knowledge of the condition of any product allegedly involved in Plaintiff's alleged accident. Meco has requested that the product allegedly involved be produced for inspection.   All remaining allegations are denied.

10. Denied.  Based upon the limited information set forth in Plaintiffs' complaint, Meco is unable to verify whether it designed, manufactured, and/or sold any product allegedly involved in an alleged accident involving Plaintiff  and/or whether the photographs attached to Plaintiffs' complaint depict a product involved in an alleged accident involving Plaintiff.   Meco has requested that the product allegedly involved in the alleged accident be produced for inspection. All remaining allegations are denied.

11. Denied.  Based upon the limited information set forth in Plaintiffs' complaint, Meco is unable to verify whether it designed, manufactured, and/or sold any product allegedly involved in an alleged accident involving Plaintiff  and/or whether the photographs attached to Plaintiffs' complaint depict a product involved in an alleged accident involving Plaintiff.   Meco has requested that the product allegedly involved in the alleged accident be produced for inspection. All remaining allegations are denied.

12. Denied.  Meco has no knowledge with respect to what Plaintiffs allegedly may have relied upon when purchasing any product allegedly involved in Plaintiff's alleged accident.

## COUNT – I
### Kathy Hoefler v. Samsonite Corporation
### Strict Liability

13. Meco incorporates the foregoing answers as if set forth at length.

14. Denied. The allegations of this paragraph are directed to another party and require no response from Meco. By way of further response, the allegations of this paragraph are denied as conclusions of law. Further, based upon the limited information set forth in Plaintiffs' complaint, Meco denies that Samsonite designed, manufactured, and/or sold any product allegedly involved in an alleged accident involving Plaintiff. In addition, Meco has no knowledge as to whether the photographs attached to Plaintiffs' complaint depict a product involved in an alleged accident involving Plaintiff, and/or whether any such product was licensed by Samsonite. Meco has requested that the product allegedly involved in the alleged accident be produced for inspection. All remaining allegations are denied.

15. Denied. The allegations of this paragraph are directed to another party and require no response from Meco. By way of further response, the allegations of this paragraph are denied as conclusions of law. Further, based upon the limited information set forth in Plaintiffs' complaint, Meco denies that Samsonite designed, manufactured, and/or sold any product allegedly involved in an alleged accident involving Plaintiff. In addition, Meco has no knowledge as to whether the photographs attached to Plaintiffs' complaint depict a product involved in an alleged accident involving Plaintiff, and/or whether any such product was licensed by Samsonite. Meco has requested that the product allegedly involved in the alleged accident be produced for inspection. All remaining allegations are denied.

16. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

17. (a)-(u). The allegations of these paragraphs are denied factually and as conclusions of law.

18. Denied. Meco was not present when the alleged accident occurred and has no knowledge with respect to the truth of the allegations advanced in this paragraph.

19. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

20. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

21. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

22. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

23. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

24. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

25. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

26. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

27. Denied. The allegations of this paragraph are directed to another party and require no response from Meco. By way of further response, the allegations of this paragraph are denied as conclusions of law. Further, based upon the limited information set forth in Plaintiffs' complaint, Meco denies that Samsonite designed, manufactured, and/or sold any product allegedly involved in an alleged accident involving Plaintiff. In addition, Meco has no knowledge as to

whether the photographs attached to Plaintiffs' complaint depict a product involved in an alleged accident involving Plaintiff, and/or whether any such product was labeled and/or licensed by Samsonite. Meco has requested that the product allegedly involved in the alleged accident be produced for inspection. All remaining allegations are denied.

28. Denied. The allegations of this paragraph are directed to another party and require no response from Meco. By way of further response, the allegations of this paragraph are denied as conclusions of law. Further, based upon the limited information set forth in Plaintiffs' complaint, Meco denies that Samsonite designed, manufactured, and/or sold any product allegedly involved in an alleged accident involving Plaintiff. In addition, Meco has no knowledge as to whether the photographs attached to Plaintiffs' complaint depict a product involved in an alleged accident involving Plaintiff, and/or whether any such product was licensed by Samsonite. Meco has requested that the product allegedly involved in the alleged accident be produced for inspection. All remaining allegations are denied.

29. Denied. The allegations of this paragraph are denied factually and as conclusions of law. By way of further answer, Meco has no knowledge of what Plaintiffs allegedly relied upon in purchasing any product allegedly involved in Plaintiff's alleged accident.

30. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

31. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

32. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

33. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

34. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

35. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

36. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

37. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

38. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

**WHEREFORE**, Defendant, Meco Corporation, demands judgment in its favor and against Plaintiffs on all claims advanced together with all costs of suit.

## COUNT – II
## Kathy Hoefler v. Samsonite Corporation
## Products Liability – Negligence

39. Meco incorporates the foregoing answers as if set forth at length.

40. Denied. The allegations of this paragraph are denied as conclusions of law.

41. (a)-(x)  Denied. The allegations of these paragraphs are denied factually and as conclusions of law.

42. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

43. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

**WHEREFORE**, Defendant, Meco Corporation, demands judgment in its favor and against Plaintiffs on all claims advanced together with all costs of suit.

### COUNT – III
### Kathy Hoefler v. Samsonite Corporation
### Breach of Warranty

44. Meco incorporates the foregoing answers as if set forth at length.

45. Denied. The allegations of this paragraph are denied as conclusions of law.

46. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

47. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

48. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

**WHEREFORE**, Defendant, Meco Corporation, demands judgment in its favor and against Plaintiffs on all claims advanced together with all costs of suit.

### COUNT – IV
### Kathy Hoefler v. Meco Corporation
### Strict Liability

49. Meco incorporates the foregoing answers as if set forth at length.

50. Denied. By way of further response, the allegations of this paragraph are denied as conclusions of law. Further, based upon the limited information set forth in Plaintiffs' complaint, Meco is unable to verify whether it designed, manufactured, and/or sold any product allegedly

involved in an alleged accident involving Plaintiff. Meco has requested that the product allegedly involved be produced for inspection. All remaining allegations are denied.

51. Denied. By way of further response, the allegations of this paragraph are denied as conclusions of law. Further, based upon the limited information set forth in Plaintiffs' complaint, Meco is unable to verify whether it designed, manufactured, and/or sold any product allegedly involved in an alleged accident involving Plaintiff. Meco has requested that the product allegedly involved be produced for inspection. All remaining allegations are denied.

52. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

53. (a)-(u). The allegations of these paragraphs are denied factually and as conclusions of law.

54. Denied. Meco was not present when the alleged accident occurred and has no knowledge with respect to the truth of the allegations advanced in this paragraph.

55. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

56. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

57. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

58. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

59. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

60. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

61. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

62. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

63. Denied. By way of further response, the allegations of this paragraph are denied as conclusions of law. Further, based upon the limited information set forth in Plaintiffs' complaint, Meco is unable to verify whether it designed, manufactured, labeled, and/or sold any product allegedly involved in an alleged accident involving Plaintiff. Meco has requested that the product allegedly involved be produced for inspection. All remaining allegations are denied.

64. Denied. By way of further response, the allegations of this paragraph are denied as conclusions of law. Further, based upon the limited information set forth in Plaintiffs' complaint, Meco is unable to verify whether it designed, manufactured, labeled, and/or sold any product allegedly involved in an alleged accident involving Plaintiff. Meco has requested that the product allegedly involved be produced for inspection. All remaining allegations are denied.

65. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

66. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

67. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

**WHEREFORE**, Defendant, Meco Corporation, demands judgment in its favor and against Plaintiffs on all claims advanced together with all costs of suit.

## COUNT – V
### Kathy Hoefler v. Meco Corporation
### Products Liability – Negligence

68.     Meco incorporates the foregoing answers as if set forth at length.

69.     Denied.  The allegations of this paragraph are denied as conclusions of law.

70.     (a)-(x)  Denied.  The allegations of these paragraphs are denied factually and as conclusions of law.

71.     Denied.  The allegations of this paragraph are denied factually and as conclusions of law.

72.     Denied.  The allegations of this paragraph are denied factually and as conclusions of law.

**WHEREFORE**, Defendant, Meco Corporation, demands judgment in its favor and against Plaintiffs on all claims advanced together with all costs of suit.

## COUNT – VI
### Kathy Hoefler v. Meco Corporation
### Breach of Warranty

73.     Meco incorporates the foregoing answers as if set forth at length.

74.     Denied.  The allegations of this paragraph are denied as conclusions of law.

75.     Denied.  The allegations of this paragraph are denied factually and as conclusions of law.

76.     Denied.  The allegations of this paragraph are denied factually and as conclusions of law.

77. Denied. The allegations of this paragraph are denied factually and as conclusions of law.

**WHEREFORE**, Defendant, Meco Corporation, demands judgment in its favor and against Plaintiffs on all claims advanced together with all costs of suit.

## COUNT – VII
## Kathy Hoefler v. John Doe Defendants
## Strict Liability

78. Meco incorporates the foregoing answers as if set forth at length.

79. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

80. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

81. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

82. (a)-(u). Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of these paragraphs are directed at unknown and unidentified fictious parties and require no response from Meco.

83. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

84. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

85. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

86. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

87. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

88. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

89. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

90. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

91. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

92. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

93. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

94. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

95. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

96. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

**WHEREFORE**, Defendant, Meco Corporation, demands judgment in its favor and against Plaintiffs on all claims advanced together with all costs of suit.

## COUNT – VIII
### Kathy Hoefler v. John Doe Defendants
### Products Liability – Negligence

97. Meco incorporates the foregoing answers as if set forth at length.

98. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco

99. (a)-(x)  Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of these paragraphs are directed at unknown and unidentified fictious parties and require no response from Meco.

100. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco

101. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco

**WHEREFORE**, Defendant, Meco Corporation, demands judgment in its favor and against Plaintiffs on all claims advanced together with all costs of suit.

### COUNT – IX
### Kathy Hoefler v. John Doe Defendants
### Breach of Warranty

102. Meco incorporates the foregoing answers as if set forth at length.

103. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

104. Denied. Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

105. Denied.  Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco.

106. Denied.  Meco incorporates the foregoing answers as if set forth at length. By way of further response, the allegations of this paragraph are directed at unknown and unidentified fictious parties and require no response from Meco

**WHEREFORE**, Defendant, Meco Corporation, demands judgment in its favor and against Plaintiffs on all claims advanced together with all costs of suit.

### COUNT – X
### Michael Hoefler v. All Defendants
### Loss of Consortium

107. Meco incorporates the foregoing answers as if set forth at length.

108. Denied.  The allegations of this paragraph are denied factually and as conclusions of law.

109. Denied.  The allegations of this paragraph are denied factually and as conclusions of law.

**WHEREFORE**, Defendant, Meco Corporation, demands judgment in its favor and against Plaintiffs on all claims advanced together with all costs of suit.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' complaint fails to state a claim against Meco.

### SECOND DEFENSE

Any recovery by Plaintiffs and/or by other parties may be barred or reduced by the conduct, negligence, fault, or carelessness of others for whom Meco is not legally responsible.

### THIRD DEFENSE

The events complained of in Plaintiffs' complaint resulted from the actions of others, none of whom are under the control, supervision, or direction of Meco.

### FOURTH DEFENSE

Any recovery by Plaintiffs may be barred or reduced by alteration or misuse of the product and/or failure to read or heed the warnings and instructions accompanying the product by persons over whom Meco had no control.

### FIFTH DEFENSE

Meco complied with all applicable statutes and regulations existing at the time of manufacture that prescribed standards for design, inspection, testing, manufacture, labeling, packaging, warning, or instructions for the use of the product.

### SIXTH DEFENSE

Meco may be entitled to a set-off in the event Plaintiffs have received payment from any source relating to the accident.

### SEVENTH DEFENSE

Any recovery by Plaintiffs may be barred or reduced by assumption of the risk.

### EIGHTH DEFENSE

Meco denies any and all liability, but if damages were suffered by Plaintiffs, the damages were solely caused and the result of unforeseeable intervening or superseding acts of others independent of Meco, which bars any liability on the part of Meco.

### NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

**TENTH DEFENSE**

The injuries and/or damages alleged by the Plaintiffs may have been the sole and proximate result of, or may have been substantially contributed to by, the misuse and/or abuse of the product in a manner in which the product was not intended to be used.

**ELEVENTH DEFENSE**

Meco denies any and all liability, but if damages were suffered by Plaintiffs, these damages may be reduced by Plaintiffs' failure to mitigate.

**TWELTH DEFENSE**

Plaintiffs' claims, if any, are barred or limited by any releases that they or any other party have executed or will execute in favor of any other person or entity.

**THIRTEENTH DEFENSE**

All warranty claims, if any, are or may be barred by the failure to provide timely notice as required by the Uniform Commercial Code.

**FOURTEENTH DEFENSE**

The product(s) referred to in Plaintiffs' complaints may have been substantially changed or altered by others from its/their original condition at the time of sale or improperly maintained, inspected, or repaired by others, all of which, if proven true, constitute a bar to Plaintiffs' claims against Meco.

**FIFTEENTH DEFENSE**

The accident complained of by Plaintiffs may have resulted from the misuse, abuse or abnormal use of the product(s) referred to in Plaintiffs' complaints, thereby barring all claims against Meco.

**SIXTEENTH DEFENSE**

Meco is entitled to the benefit of all defenses and presumptions contained in, or arising from, any product liability act and/or Uniform Commercial Code enacted by the state whose substantive law controls in this action.

**SEVENTEENTH DEFENSE**

The claims against Meco may be barred or limited in the event of improper use or installation of parts or components.

**EIGHTEENTH DEFENSE**

All claims against Meco may be barred or limited by all product disclaimers and/or warnings.

**NINETEENTH DEFENSE**

All claims against Meco may be barred or limited by operation of any applicable statutes of limitation and/or statutes of repose.

**TWENTIETH DEFENSE**

All claims against Meco may be barred or limited by the learned intermediary or "informed intermediary" and/or "sophisticated user" doctrine(s).

**TWENTY-FIRST DEFENSE**

Meco adopts all defenses available under the Pennsylvania Fair Share Act, and requests that all potentially liable persons and entities be included on the verdict sheet for allocation purposes.

**TWENTY-SECOND DEFENSE**

All claims against Meco may be barred or limited by the spoliation of evidence doctrine(s).

**TWENTY-THIRD DEFENSE**

All claims against Meco may be barred or limited by the terms of all bills of sale, bills of ladings, invoices, and other product information.

**TWENTY-FOURTH DEFENSE**

Meco reserves the right to assert additional defenses upon completion of discovery.

**BREHM NOFER & McCARTER, P.C.**

By: *Frank S. Nofer*
Frank S. Nofer, Esquire
Attorney for Defendant,
Meco Corporation

Attorney I.D. No. 69008
161 Washington Street, Suite 1450
Conshohocken, PA  19428
Phone: 610-234-5252
fnofer@bnm.law

Dated: November 24, 2020